NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO BERNARDINO, and ANA BERNARDINO,<br><br>            Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, et al.,<br><br>            Defendants.<br>_____/ | No. C 11-03738 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

Defendants Kondaur Capital Corporation ("Kondaur") and First American Trustee Servicing Solutions ("First American") have moved to dismiss plaintiffs' complaint. Defendant Wells Fargo Bank ("Wells Fargo") has joined in Kondaur's motion. (Docket No. 11). The motions are scheduled for a hearing on October 28, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss.

**BACKGROUND**

In June 2007, Wells Fargo loaned plaintiffs Eduardo and Ana Bernardino $584,000. Compl. ¶¶ 2, 20. The loan was an "optional adjustable rate mortgage, interest only" and was secured by a deed of trust for plaintiffs' residence, located at 68 E. Moltke St., Daly City, CA, 94104 ("Property"). Compl. ¶ 2; Def. Kondaur's Mot. to Dismiss, Request for Judicial Notice Docket No.10, Ex. A. The loan fell into default and a notice of default was recorded on July 13, 2009. *Id.* at Ex. C. The property was foreclosed upon and sold at a public auction on June 29, 2011, and the sale was recorded on July 5,

2011. *Id.* at Ex. E. Plaintiffs, acting in pro per, initiated this action on June 21, 2011 by filing a complaint in San Mateo County Superior Court. The complaint was removed to this Court on July 29, 2011, pursuant to 18 U.S.C. § 1331. Federal question jurisdiction is based on plaintiffs' allegations under TILA, 15 U.S.C. § 1601 *et seq*, and RESPA, 12 U.S.C. § 2601 *et seq*. The complaint also alleges a variety of California state law claims.

Kondaur moved to dismiss plaintiffs' complaint on August 31, 2011. Wells Fargo joined in Kondaur's motion to dismiss. First American moved to dismiss on September 20, 2011. With respect to plaintiffs' TILA and RESPA claims, both Kondaur and First American argue that the claims are barred by the relevant statutes of limitations. Defendants have also requested that the court take judicial notice of certain documents recorded in the San Mateo County Recorder's Office. On September 28, 2011, the Court ordered plaintiffs to show cause why their complaint should not be dismissed. Plaintiffs responded to Kondaur's motion to dismiss on September 28, 2011 and to the Court's order to show cause on October 7, 2011. Plaintiffs also attached oppositions to the motions of Wells Fargo and First American to their response to the Court's October 7th order.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, a court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In considering a motion to

dismiss, the court may take judicial notice of matters of public record outside the pleadings. Fed. R. of Evid. § 201(b)(2); *MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

If a court dismisses the complaint, it must then decide whether to grant leave to amend. Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

As a preliminary matter, both Kondaur and First American have requested that the Court take judicial notice of certain documents recorded in the San Mateo County Recorder's Office. Plaintiffs oppose defendants' requests for judicial notice on the ground that the documents do not satisfy the requirements of Federal Rules of Evidence § 201. Pls' Opp. to Def.'s Mot. to Dismiss at 36. The Court disagrees, and takes judicial notice of the documents submitted by the defendants, because they are matters of public record and thus "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. of Evid. § 201(b)(2).

**I.    TILA Claims**

Plaintiffs' fifth cause of action alleges that defendants violated TILA by failing to provide plaintiffs with "accurate material disclosures." Compl. ¶ 77. Kondaur and First American both claim that the TILA cause of action is time-barred, because plaintiffs brought their TILA claims after the expiration of both the three-year statute of limitations for claims for rescission, and the one-year statue of limitations for monetary damages. Def. Kondaur's Mot. to Dismiss at 6; Def. First American's Mot. to Dismiss at 6. Plaintiffs contend, however, that they are entitled to equitable tolling, because the violations could not have been discovered by due diligence during the statutory period. Compl. ¶ 78.

An action under TILA for monetary damages must be brought within one year from the date of the consummation of the loan. *King v. California*, 784 F.2d 910, 913-15 (9th Cir. 1986). The doctrine of equitable tolling suspends the limitations period, however, when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures. *Id.* at 915. In order to establish a claim for

3

equitable tolling at the pleading stage, a plaintiff must allege facts demonstrating that the alleged violations could not have been discovered by due diligence during the one-year statutory period. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Conclusory allegations that a lender concealed or purposefully hid the facts surrounding a mortgage are insufficient to make a claim for equitable tolling at the pleading stage. *See Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (denying equitable tolling in the context of a motion to dismiss where the plaintiff failed to allege facts demonstrating how the lender concealed the terms of the mortgage loan). An action under TILA for rescission is not subject to equitable tolling and is extinguished at the end of the three-year period. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13 (1998).

The Court agrees with defendants that plaintiffs' claims under TILA are time-barred. Plaintiffs brought their claim for monetary damages in June 2011, over a year after the loan's consummation in June 2007. Thus, their damages claim is untimely unless they qualify for tolling. Plaintiffs fail to explain why they could not have discovered the alleged violation by reasonable due diligence during the one-year statutory period. Plaintiffs do not allege facts demonstrating how the lender concealed the terms of the mortgage loan. Plaintiffs do claim that they lack adequate control of the English language, and that they "were never given loan documents in [their] native tongue," but do not explain why they could not have translated the loan documents within the one-year statutory period and thus discovered the alleged violations of TILA by due diligence. Pls.' Opp. To Def.'s Mot. to Dismiss at 15; *see Mendoza v. Wilmington Fin.*, C-10-5792 SC, 2011 WL 2182914, at *3 (N.D. Cal. June 6, 2011) (Conti, J.). Accordingly, the Court dismisses plaintiffs' TILA claim for damages with leave to amend. Plaintiffs may amend their complaint if they can truthfully allege circumstances that would equitably toll the statute of limitations.

Plaintiffs' rescission claim is also time-barred, because it was first brought in June 2011, more than three years after the loan's consummation in June 2007, and equitable tolling is not available for a claim of rescission. *See Beach*, 523 U.S. at 412-13. Accordingly, the Court dismisses plaintiffs' TILA claim for rescission without leave to amend.

## II.     RESPA Claims

Plaintiffs' sixth cause of action alleges that defendants violated RESPA because Wells Fargo was paid unearned and unreasonable fees. Compl. ¶ 89. Kondaur and First American both claim that the RESPA cause of action is time-barred by the statute's one-year statue of limitations for violations of § 2607 or 2608, or its three-year statue of limitations for violations of § 2605. Def. Kondaur's Mot. to Dismiss at 7; Def. First American's Mot. to Dismiss at 7. Plaintiffs again contend that they are entitled to equitable tolling, because "[p]laintiffs pled that the facts surrounding this loan transaction were purposefully hidden and continue to be hidden from [them] to this day." Pls.' Opp. To Def.'s Mot. to Dismiss at 29.

The Court agrees with defendants that plaintiffs' claims under RESPA are time-barred. When "more than three years [have] passed between the execution of the loans and the filing date, and . . . plaintiffs have not alleged any facts in the [pleadings] that would warrant tolling the statute of limitations, plaintiffs' claims for damages under RESPA are time-barred and therefore must be denied without leave to amend." *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1199 (N.D. Cal. 2010) (Seeborg, J.) (citing *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006)). Plaintiffs have not established grounds for equitable tolling of their RESPA claims for the same reasons that their claim for equitable tolling fails under TILA: conclusory allegations of the defendants' alleged concealment of the facts surrounding the mortgage, even where plaintiffs face language barriers, is insufficient to demonstrate that the alleged violations could not have been discovered by reasonable due diligence. Accordingly, the Court dismisses plaintiffs' RESPA claims. Plaintiffs may amend their complaint if they can truthfully allege circumstances that would equitably toll the statute of limitations.

## III.     State Claims

Plaintiffs also allege numerous California state law claims. Because the Court has dismissed plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims at this time. *See* 28 U.S.C. § 1367(c)(3).

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss. If plaintiffs wish to amend the complaint, they must do so by **November 18, 2011**.

(Docket Nos.10, 11, 13)

**IT IS SO ORDERED.**

Dated: October 27, 2011

SUSAN ILLSTON
United States District Judge