IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDUARDO BERNARDINO, and
ANA BERNARDINO,

    Plaintiffs,

v.

WELLS FARGO BANK, et al.,

    Defendants.

No. C 11-03738 SI

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND REMANDING ACTION TO STATE COURT**

Defendants Kondaur Capital Corporation ("Kondaur"), First American Trustee Servicing Solutions ("First American"), and Wells Fargo Bank ("Wells Fargo") have moved to dismiss plaintiffs' first amended complaint ("FAC"). The motions are scheduled for hearing on January 27, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter suitable for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss the federal claims (TILA and RESPA) without leave to amend; declines to exercise supplemental jurisdiction over plaintiffs' state law claims; and REMANDS this action to the San Mateo County Superior Court where it was filed.

**BACKGROUND**

In June 2007, Wells Fargo loaned plaintiffs Eduardo and Ana Bernardino $584,000. FAC ¶ 8. The loan was an "optional adjustable rate mortgage, interest only" loan and was secured by a deed of trust for plaintiffs' residence, located at 68 E. Moltke St., Daly City, CA, 94104 ("Property"). FAC ¶ 7. The loan fell into default and a notice of default was recorded on July 13, 2009. The property was foreclosed upon and sold at a public auction on June 29, 2011, and the sale was recorded on July 5,

2011. Plaintiffs, acting in pro per, initiated this action on June 21, 2011 by filing a complaint in San Mateo County Superior Court. The original complaint was removed to this Court on July 29, 2011, pursuant to 18 U.S.C. § 1331. Federal question jurisdiction was based on plaintiffs' allegations under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. The complaint also alleges a variety of California state law claims.

On October 21, 2011, this Court granted defendants' motion to dismiss. The Court found that plaintiffs' claims under TILA and RESPA are time-barred and that plaintiffs had not alleged any circumstances that would equitably toll the statute of limitations. The Court granted leave to amend to allow plaintiffs to assert circumstances that would toll the statute of limitations. The Court declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. On November 7, 2011, plaintiffs filed an amended complaint. On November 17, 18, and 28, 2011 respectively, defendants First American, Kondaur, and Wells Fargo moved to dismiss.

**DISCUSSION**

Plaintiffs' amended complaint does not allege new facts that would equitably toll the statute of limitations for a TILA or RESPA claim.[1] Like the original complaint, it alleges that plaintiffs were never given the loan documents in their native tongue, but does not explain why they could not be translated within the one-year statutory period. *See* Order Granting Defendants' Motion to Dismiss at 4, doc. 25; FAC. ¶ 33; *see Mendoza v. Wilmington Fin.*, C-10-5792 SC, 2011 WL 2182914, at *3 (N.D. Cal. June 6, 2011). The amended complaint does not provide any additional detail as to why the statute of limitations should be tolled.

Plaintiffs have not alleged any federal claims in the amended complaint. Again, the Court

---

[1] In fact, plaintiffs removed the TILA and RESPA claims entirely from the FAC. Nonetheless, plaintiffs discuss those claims in their opposition to the motion to dismiss. *See* Pls.' Opp. at 15. Because the Court granted leave to amend based on those federal claims, and because the plaintiffs discuss them in their opposition, the Court addresses them here.

declines to exercise supplemental jurisdiction over the state law claims in this case. *See* 28 U.S.C. § 1367(c)(3); Order Granting Defendants' Motion to Dismiss at 5, doc. 25.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss the TILA and RESPA claims without leave to amend, and declines jurisdiction over the plaintiffs' state law claims. Accordingly, the Court REMANDS this action to the San Mateo County Superior Court where it was filed.

**IT IS SO ORDERED.**

Dated: January 23, 2012

SUSAN ILLSTON
United States District Judge